OLIVER RIDENOUR, *Appellant, v.* FRANCES WILSON *et al.,*
        *Appellees.*

No. 16,270.

DEEDS — *Execution* — *Delivery.* The evidence held sufficient to
support a finding of the due execution and delivery of cer-
tain deeds.

Appeal from Lyon district court; FREDERICK A.
MECKEL, judge. Opinion filed January 8, 1910. Af-
firmed.

*L. B. Kellogg, W. L. Huggins, W. A. Randolph,* and
*C. M. Kellogg,* for the appellant.

*Dennis Madden, W. C. Roberts,* and *M. M. Suddock,*
for the appellees.

*Per Curiam:* It was shown by competent and disin-
terested witnesses that the grantor in the deeds as-
sailed desired to exclude the appellant from any share
in her property and desired to divide it between Clyde
and Frances Wilson. The execution of the Frances
Wilson deed was proved, *prima facie,* by the notary's
certificate. It was proved in fact by identification of
the handwriting, independent of any transaction with
the deceased grantor. Soon after execution it was
found in the possession of the grantee. It was a com-
panion in purpose with the deed to Clyde. All the de-
tails of the preparation, execution and delivery of the
deed to Clyde were fully proved by competent evidence,
and the inference is not merely natural and reasonable
but is fairly certain that the duly executed deed to
Frances, necessary to complete the grantor's intention
and desire, was delivered also. The deposition of Cyn-
thia Ridenour is competent, at least to the extent that
there was a transaction relating to the signing and de-
livery of deeds by her sister. Taking into considera-
tion the presumption of right conduct, the presump-

tion attaching to the possession of the deed, the items of positive proof and all the related circumstances, the findings of the court that the Frances Wilson deed was duly delivered is sustained by sufficient competent evidence.

All the testimony of Newton Wilson was admissible on behalf of Clyde and could not be excluded because inadmissible for the benefit of Frances. The trial judge announced he would make the discrimination, and of course he did so. The testimony of Frances Wilson that she got a paper at the time apparently meant nothing unless it meant she got the deed under which she claims from her sister at the time, and so considered was incompetent, but the presumption is the court's findings were based on the legitimate proof.

The judgment is affirmed.